UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| STEPHEN M. BLOODWORTH, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>vs.<br><br>UNITED CREDIT SERVICE, INC.,<br><br>        Defendant. | Case No.: 15-cv-502<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper because Defendant resides in the District (Walworth County, Wisconsin).

## PARTIES

3. Plaintiff Stephen M. Bloodworth is an individual who resides in Watertown, Jefferson County, Wisconsin.

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant United Credit Service, Inc. ("UCS") is a debt collection agency with its principal offices at 15 Lincoln Street, Elkhorn, Wisconsin 53121.

6. UCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. UCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. UCS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or around March 20, 2015, UCS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "WATERTOWN REGIONAL MEDICAL CENTER." A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was for personal medical services. Thus, it was incurred for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

11. Exhibit A contains the following text:

> \* \* \* \* \*  FURTHER DELAY CANNOT BE TOLERATED  \* \* \* \* \*
> IF PAYMENT IS NOT RECEIVED IN THIS OFFICE WITHIN FIVE DAYS,
> WE WILL CONSIDER OTHER METHODS OF ENFORCING COLLECTION.

Exhibit A.

12. The above language is false, misleading and confusing to the unsophisticated consumer.

13. Despite the threatening language in the letter, upon information and belief, UCS does not use any "methods of enforcing collection" other than telephone and U.S. mail.

14. Upon information and belief, UCS has no ownership interest in the alleged debt. It cannot sue to collect the debt.

2

15. UCS is not a law firm. It cannot represent the creditor in court.

16. Upon information and belief, UCS does not send persons to collect debts in person at consumers' homes or places of employment.

17. Additionally, upon information and belief, the five day "deadline" in the letter is spurious. Failure to pay within that period does not instigate any action by UCS.

18. The sole purpose of the threat to "consider other methods of enforcing collection" is to deceive the consumer into believing that UCS is doing more than sending letters and making telephone calls, and may invade the consumer's life to a greater extent, in order to unjustly scare the consumer into paying.

19. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

21. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

22. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

23. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

24. Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

## COUNT I – FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

3

26. Exhibit A threatens to "consider other methods of enforcing collection" if the consumer does not pay within five days.

27. This implication is false and misleading, as no such action was forthcoming or contemplated at the time the letters were sent or at any time thereafter.

28. Such statements violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

## COUNT II – WCA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. Exhibit A threatens to "consider other methods of enforcing collection" if the consumer does not pay within five days, notwithstanding the fact that, upon information and belief, UCS had no intention of initiating such action.

31. Such conduct violates Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 29, 2014, (e) that was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

4

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 29, 2015

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com