UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

STEPHEN M. BLOODWORTH, individually
and on Behalf of All Others Similarly Situated,      Case No.: 15-CV-502

      Plaintiff,

v.

UNITED CREDIT SERVICE,
INCORPORATED,

      Defendant.

---

## DEFENDANT UNITED CREDIT SERVICE, INCORPORATED'S ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, United Credit Service, Incorporated ("UCS"), by and through its attorneys, Hinshaw and Culbertson and attorney David J. Hanus, and as for its Answer and Affirmative Defenses to the Plaintiff's Complaint, respectfully states and alleges as follows:

### INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

**ANSWER:** Answering paragraph 1, UCS admits only that the complaint purports to assert claims for alleged violation of the FDCPA and the WCA. Answering further, UCS denies any and all alleged violations of the FDCPA or WCA.

## JURISDICTION AND VENUE

2.     The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper because Defendant resides in the District (Walworth County, Wisconsin).

**ANSWER:**   Answering paragraph 2, UCS admits only that the court has subject matter jurisdiction of this action and that venue is proper in this district.  Answering further, UCS lacks knowledge or information sufficient to form a belief as to the truth the remaining averments set forth in paragraph 2.

## PARTIES

3.     Plaintiff Stephen M. Bloodworth is an individual who resides in Watertown, Jefferson County, Wisconsin.

**ANSWER:**   Answering paragraph 3, UCS lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth therein.

4.     Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

**ANSWER:**   Answering paragraph 4, UCS lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth therein.

5.     Defendant United Credit Service, Inc. ("UCS") is a debt collection agency with its principal offices at 15 Lincoln Street, Elkhorn, Wisconsin 53121.

**ANSWER:**   Answering paragraph 5, UCS admits only that its principal place of business is located at 15 Lincoln Street, Elkhorn, Wisconsin 53121 and that a portion of its business involves the collection of debts.  Answering further, defendant lacks knowledge or

information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 5.

6. UCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:** Answering paragraph 6, UCS admits only that a portion of its business involves the collection of debts originally owed to others, using the mails and telephone. Answering further, defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 6.

7. UCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. UCS is a debt collector as defined in 15 U.S.C. § 1692a.

**ANSWER:** Answering paragraph 7, UCS admits that a portion of its business involves the collection of debts originally owed to others. Answering further, defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 7.

## FACTS

8. On or around March 20, 2015, UCS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "WATERTOWN REGIONAL MEDICAL CENTER." A copy of this letter is attached to this complaint as Exhibit A.

**ANSWER:** Answering paragraph 8, UCS admits the averments set forth therein.

9. The alleged debt identified in Exhibit A was for personal medical services. Thus, it was incurred for personal, family or household purposes.

**ANSWER:** Answering paragraph 9, UCS lacks knowledge or information sufficient to form a belief as to the truth of the averment set forth therein.

10. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

**ANSWER:** Answering paragraph 10, UCS denies the averments set forth therein.

11. Exhibit A contains the following text:

***** FURTHER DELAY CANNOT BE TOLERATED *****

**IF PAYMENT IS NOT RECEIVED IN THIS OFFICE WITHIN FIVE DAYS, WE WILL CONSIDER OTHER METHODS OF ENFORCING COLLECTION.**

**ANSWER:** Answering paragraph 11, UCS admits the averment set forth therein.

12. The above language is false, misleading and confusing to the unsophisticated consumer.

**ANSWER:** Answering paragraph 12, UCS denies the averments set forth therein.

13. Despite the threatening language in the letter, upon information and belief, UCS does not use any "methods of enforcing collection" other than telephone and U.S. mail.

**ANSWER:** Answering paragraph 13, UCS denies the averments set forth therein. In support of its denial, UCS attaches hereto the Affidavit of James E. Cox, with Exhibits A-D thereto, illustrating USC's frequent use of lawsuits as methods of enforcing collection other than telephone and U.S. mail.

14. Upon information and belief, UCS has no ownership interest in the alleged debt. It cannot sue to collect the debt.

**ANSWER:** Answering paragraph 14, UCS admits that it does not own the debt referred to in Exhibit A, but denies the remaining averments. In support of its denial, UCS attaches hereto the affidavit of James E. Cox, establishing that Watertown Regional Medical Center ("WRMC") provided UCS with suit authorization in connection with the debt referred to

4

in Exhibit A to the Complaint, and that WRMC regularly provides such suit authorization to UCS.

15. UCS is not a law firm. It cannot represent the creditor in court.

**ANSWER:** Answering paragraph 15, UCS admits only that it is not a law firm and that it cannot serve as legal counsel for the creditor. Answering further, UCS denies the remaining averments set forth in paragraph 15. In support of its denial, USC attaches hereto the affidavit of James E. Cox establishing that USC is regularly authorized by its creditor clients to retain legal counsel for the purpose of filing suit against debtors.

16. Upon information and belief, UCS does not send persons to collect debts in person at consumers' homes or places of employment.

**ANSWER:** Answering paragraph 16, UCS admits the averment set forth therein.

17. Additionally, upon information and belief, the five day "deadline" in the letter is spurious. Failure to pay within that period does not instigate any action by UCS.

**ANSWER:** Answering paragraph 17, UCS denies the averments set forth therein. In support of its denial, UCS attaches hereto the affidavit of James E. Cox, establishing that, at the time USC sent the letter attached as Exhibit A to plaintiff's complaint, UCS had the present intent to consider seeking suit authorization from WRMC if payment was not received within five days.

18. The sole purpose of the threat to "consider other methods of enforcing collection" is to deceive the consumer into believing that UCS is doing more than sending letters and making telephone calls, and may invade the consumer's life to a greater extent, in order to unjustly scare the consumer into paying.

**ANSWER:** Answering paragraph 18, UCS denies the averments set forth therein.

5

19. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** Answering paragraph 19, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required, UCS denies the averments set forth in paragraph 19 to the extent inconsistent with the FDCPA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 19.

20. 15 U.S.C. § 1692e(5) specifically prohibits: "The threat to take any action that cannot legally be taken or that is not intended to be taken."

**ANSWER:** Answering paragraph 20, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required, UCS denies the averments set forth in paragraph 20 to the extent inconsistent with the FDCPA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 20.

21. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

**ANSWER:** Answering paragraph 21, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required, UCS denies the averments set forth in paragraph 21 to the extent inconsistent with the FDCPA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 21.

22. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER:** Answering paragraph 22, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required,

16711521v1 0973902

UCS denies the averments set forth in paragraph 22 to the extent inconsistent with the FDCPA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 22.

23. Wis. Stat. § 427.104(1)(h) prohibits: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

**ANSWER:** Answering paragraph 23, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required, UCS denies the averments set forth in paragraph 23 to the extent inconsistent with the WCA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 23.

24. Wis. Stat. § 427.104(1)(L) prohibits: "Threaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

**ANSWER:** Answering paragraph 24, UCS states that this paragraph sets forth a legal conclusion to which UCS is not required to respond. In the event that a response is required, USC denies the averments set forth in paragraph 24 to the extent inconsistent with the WCA as a whole. Answering further, UCS denies the remaining averments set forth in paragraph 24.

## COUNT I—FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Answering paragraph 25, UCS repeats, re-alleges and incorporates herein by reference its answers to paragraphs 1-24 above.

26. Exhibit A threatens to "consider other methods of enforcing collection" if the consumer does not pay within five days.

**ANSWER:** Answering paragraph 26, UCS denies the averments set forth therein.

27. This implication is false and misleading, as no such action was forthcoming or contemplated at the time the letters were sent or at any time thereafter.

**ANSWER:** Answering paragraph 27, UCS denies the averments set forth therein. In support of its denial, UCS attaches hereto the affidavit of James E. Cox.

28. Such statements violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

**ANSWER:** Answering paragraph 28, UCS denies the averments set forth therein.

## COUNT II—WCA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

**ANSWER:** Answering paragraph 29, UCS repeats, re-alleges and incorporates herein by reference its answers to paragraphs 1-28 above.

30. Exhibit A threatens to "consider other methods of enforcing collection" if the consumer does not pay within five days, notwithstanding the fact that, upon information and belief, UCS had no intention of initiating such action.

**ANSWER:** Answering paragraph 30, UCS denies the averment set forth therein. In support of its denial, UCS attaches hereto the Affidavit of James E. Cox.

31. Such conduct violates Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

**ANSWER:** Answering paragraph 31, UCS denies the averments set forth therein.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after April 29, 2014, (e) that was not returned by the postal service.

**ANSWER:** Answering paragraph 32, UCS denies the existence of a class and further denies the remaining averments.

33. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

**ANSWER:** Answering paragraph 33, UCS denies the existence of a class and further denies the remaining averments.

34. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, and Wis. Stat. §§ 427.104(1)(h) and 427.104(1)(L).

**ANSWER:** Answering paragraph 34, UCS denies the existence of a class and further denies the remaining averments.

35. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

**ANSWER:** Answering paragraph 35, UCS denies the existence of a class and further denies the remaining averments.

36. Plaintiff will fairly and adequately represent the interests of the Class members Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:** Answering paragraph 36, UCS admits only that plaintiff retained experienced counsel. Answer further, UCS denies the existence of a class and further denies the remaining averments.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:** Answering paragraph 36, UCS denies the existence of a class and further denies the remaining averments.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim upon which relief may be granted as against UCS

2. Any violation of the FDCPA or WCA, if any, was unintentional and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**WHEREFORE**, the Defendant, United Credit Service, Inc., respectfully demands judgment, dismissing the Plaintiff's Complaint in its entirety, on the merits, with prejudice.

Dated this 30th day of June, 2015.

/s/ David J. Hanus
David J. Hanus
State Bar No. 1027901
Attorneys for Defendant UNITED CREDIT
SERVICE, INCORPORATED
**HINSHAW & CULBERTSON LLP**
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Phone No. 414-276-6464
Fax No. 414-276-9220
E-mail Address(es):
dhanus@hinshawlaw.com