UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**STEPHEN BLOODWORTH,**
        **Plaintiff,**

v.                   Case No. 15-cv-0502

**UNITED CREDIT SERVICE, INC. et al.,**
        **Defendants.**
_____

## ORDER

  Plaintiff Stephen Bloodworth filed the original complaint in this action against defendant United Credit Service, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA"). On August 19, 2015, United Credit filed a motion for judgment on the pleadings, and plaintiff responded by filing a motion to deny United Credit's motion for judgment on the pleadings. On October 1, 2015, plaintiff amended his complaint, adding new defendants Watertown Regional Medical Center, Inc. and the Law Offices of Peter B. King.[1] Rather than resting on its original motion for judgment on the pleadings, United Credit filed a renewed motion to dismiss under Fed. R. Civ. P. 12(b)(6). That motion is now fully briefed. In the meantime, plaintiff has indicated that he has resolved the matter with Watertown Regional Medical Center and has filed an expedited motion to file a second amended complaint which removes Watertown Regional Medical Center as a party and modifies allegations against King. Neither United Credit nor King oppose plaintiff's motion to amend, therefore I will

---

[1] Plaintiff misidentifies defendant King in his complaint. The proper name of this defendant is Peter B. King, Attorney at Law, S.C. I will order the clerk to update the docket accordingly.

grant it. *See* Fed. R. Civ. P. 15(a)(2); *Life Plans, Inc. v. Security Life of Denver Ins. Co.*, 800 F.3d 242, 347 (7th Cir. 2015) (stating that courts should freely give leave to amend). Further, plaintiff and United Credit both agree that I should treat United Credit's pending motion to dismiss as applicable to the second amended complaint. I will do so.

In their expedited motion, plaintiff also asks me to withdraw the pending motion for class certification without prejudice in light of the fact that the Seventh Circuit recently overruled its holding in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011) that an individual settlement can moot a potential class representative's claims prior to class certification. *See Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). Given that no one objects, I will grant this request as well.

Finally, I will also deny as moot United Credit's original motion for judgment on the pleadings and plaintiff's motion to deny the motion for judgment on the pleadings because plaintiff's amended complaint and United Credit's renewed motion to dismiss have mooted these original motions.

**THEREFORE, IT IS ORDERED** that United Credit Service Inc.'s motion for judgment on the pleadings (ECF No. 17) and plaintiff's motion to deny the motion for judgment on the pleadings (ECF No. 21) are **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's expedited motion to withdraw its motion to certify class (ECF No. 49) is **GRANTED**. The Clerk shall withdraw plaintiff's amended motion to certify class (ECF No. 36).

**IT IS FURTHER ORDERED** that plaintiff's expedited motion for leave to file a second amended complaint (ECF No. 49) is **GRANTED**. The Clerk shall file plaintiff's

2

second amended complaint and the accompanying exhibits.

**IT IS FURTHER ORDERED** that the clerk shall update the docket to reflect that the proper name of defendant "Law Office of Peter B. King" is "Peter B. King, Attorney at Law, S.C."

Dated at Milwaukee, Wisconsin, this 16th day of February, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge