UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

STEPHEN M. BLOODWORTH,
        Plaintiff,

v.                                                                                       Case No. 15-cv-0502

UNITED CREDIT SERVICE, INC. and
PETER B. KING, ATTORNEY AT LAW, S.C.,
        Defendants.
───────────────────────────────────────────────────────────────

## DECISION AND ORDER

Plaintiff Stephen Bloodworth alleges that defendants United Credit Service, Inc. ("UCS") and Attorney Peter King violated the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA") while attempting to collect a debt plaintiff allegedly owes Watertown Regional Medical Center.[1] UCS has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff has failed to state a claim against it under either the FDCPA or the WCA. I now address UCS's motion.

To survive a Rule 12(b)(6) motion, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In construing plaintiff's complaint, I assume all factual allegations to be true and disregard statements that are conclusory. *Id.*

The purpose of the FDCPA is the protect consumers from abusive debt collection practices. 15 U.S.C. § 1692(e). Section 1692e prohibits debt collectors from using "any

---
[1] Watertown Regional Medical Center was originally named as a defendant in this action, but plaintiff dropped his claims against it in his most recent amended complaint. *See* Am. Compl. (ECF No. 53).

false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute contains a non-exhaustive list of specific practices that are per se false or misleading. § 1692e(1)–(16); *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). Plaintiff brings a claim against UCS under § 1692e(5), which specifically bars a "threat to take any action that cannot legally be taken or that is not intended to be taken." Similarly, the WCA prohibits debt collectors from "[t]hreaten[ing] action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." Wis. Stat. § 427.104(1)(L). Generally, conduct which violates § 1692e(5) also violates Wis. Stat. § 427.104(1)(L), and I therefore will analyze the claims together. *See, e.g.*, *Immel v. Cent. Portfolio Control, Inc.*, No. 11-cv-424, 2011 WL 5040513 (E.D. Wis. Oct. 24, 2011) (analyzing claims together); *Bruesewitz v. Law Offices of Gerald E. Moore & Assocs., P.C.*, No. 06-C-400, 2006 WL 3337361 (W.D. Wis. Nov. 15, 2006) (same).

When assessing a claim under the FDCPA, I view the claim through the eyes of the unsophisticated consumer. *McMillan*, 455 F.3d at 758. An unsophisticated consumer is one who is "uninformed, naïve, or trusting" but who "possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004) (internal citations and quotations omitted). Whether an unsophisticated consumer would find a statement false or misleading is a fact-bound question, and thus I "must act with great restraint" when asked to rule on this question under Rule 12(b)(6). *McMillan*, 455 F.3d at 760.

Plaintiff alleges that UCS sent him a collection letter that threatened to take action which UCS did not actually intend to take in violation § 1692e(5) and Wis. Stat. § 427.104(1)(L). UCS asserts that these claims fail because the collection letter was not, as a matter of law, a threat. Specifically, the language at issue in the collection letter reads as follows:

***** FURTHER DELAY CANNOT BE TOLERATED *****

**IF PAYMENT IS NOT RECEIVED IN THIS OFFICE WITHIN FIVE DAYS, WE WILL CONSIDER OTHER METHODS OF ENFORCING COLLECTION.**

Am. Compl. ¶ 17 (ECF No. 53). UCS argues that because the letter only said that UCS will "consider" taking action, the language did not constitute a threat.[2]

To constitute a threat under § 1692e(5), the collection letter must "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998). Even indirect or oblique threats give rise to liability, provided they indicate that "legal action is underway or contemplated in the near future." *Id.*; *see also Combs v. Direct Mktg. Credit Servs., Inc.*, 165 F.3d 31 (7th Cir. 1998) (unpublished).

In this case, I conclude that an unsophisticated consumer could find that the language at issue, when read in its entirety, constitutes a threat. First, the use of the word "consider," in and of itself, is not dispositive of the issue. Other courts have considered whether a collection letter stating that the debt collector will "consider" certain action is imminent enough to constitute a threat under the FDCPA and have

---

[2] The parties also spend time in their briefs distinguishing between "legal action" and other types of action. However, whether the letter threatened legal action versus some other type of action is immaterial because § 1692e(5) and Wis. Stat. § 427.104(1)(L) cover actions that are both legal and non-legal in nature.

3

come to varying conclusions. *Compare United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131 (4th Cir. 1996) (concluding that the statement "I will be compelled to consider the use of the legal remedies that may be available to effect collection," combine with other statements, constituted a threat); *Ditty v. CheckRite, Ltd., Inc.*, 973 F. Supp. 1320 (D. Utah 1997) (concluding that a reasonable jury could conclude that the statement "other actions . . . may be considered" constituted a threat); *Samples v. Midland Credit Mgmt., Inc.*, No. 3:12-cv-00099, 2012 WL 2576392 (M.D. Tenn. July 2, 2012) (concluding that a reference to "considering forwarding this account to an attorney . . . for possible litigation" could constitute a threat and thus was a fact question for the jury), *with Aker v. Bureaus Inv. Grp. Portfolio No.15 LLC*, No. 12 C 03633, 2014 WL 4815366 (N.D. Ill. Sept. 29, 2014) (concluding that a reference to "'consider[ing] additional remedies' at unspecified times do[es] not constitute a threat of litigation"); *Ruiz v. Midland Credit Mgmt., Inc.*, No. 2:11-CV-32, 2012 WL 33016 (N.D. Ill. Jan. 6, 2012) (concluding that a reference to "considering forwarding this account to an attorney . . . for possible litigation" did not constitute a threat as a matter of law); *Knowles v. Credit Bureau of Rochester*, No. 91-CV-14, 1992 WL 131107 (W.D.N.Y. May 28, 1992) (concluding that the statement "failure to pay will leave our client no choice but to consider legal action" did not constitute a threat as a matter of law).

Rather, I examine the use of the word consider within the context of the entire statement. The language at issue begins by warning that "further delay cannot be tolerated," and it then threatens that other methods of enforcement will be considered "if payment is not received . . . within five days." This five-day deadline combined with the statement that delay would not be tolerated could give the unsophisticated consumer a

4

sense that further action was imminent. Additionally, unlike *Jenkins v. Union Corp.*, the case on which UCS primarily relies, the letter at issue here uses certain rather than hypothetical terms, stating that UCS *will* consider other methods of enforcement. *See* 999 F. Supp. at 1137–38 (concluding that a collection letter which is "phrased in hypothetical terms" and which "opens by disavowing any current or imminent legal action" lacks the imminence required to constitute a threat). It is conceivable that an unsophisticated consumer would interpret this to mean that further "action is . . . contemplated in the near future." *Id.* at 1136. For these reasons, plaintiff's § 1692e(5) and Wis. Stat. § 427.1(L) claims survive UCS's motion to dismiss.

Plaintiff also brings FDCPA claims under § 1692e, which as noted above prohibits false or misleading statements generally; § 1692e(10), which prohibits the use of false representations or deceptive collection practices; § 1692f, which prohibits the use of unfair or unconscionable collection practices; and Wis. Stat. § 427.104(1)(h), which prohibits collection practices which threaten or harass. UCS does not independently analyze the plausibility of these claims but rather argues that because the collection letter does not constitute a threat as a matter of law under § 1692e(5), it also could not have violated these other provisions. Because I have rejected UCS's § 1692e(5) argument, I will also deny UCS's motion regarding these claims.

**THEREFORE, IT IS ORDERED** that UCS's motion to dismiss (ECF No. 37) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2016.

                                           s/ Lynn Adelman
                                           _____
                                           LYNN ADELMAN
                                           District Judge